UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL PIEROG,<br><br>       Plaintiff<br><br>v.<br><br>PALISADES ACQUISITION V, LLC; MALEN & ASSOCIATES, P.C.<br><br>       Defendants | Civil Action No. 08 CV 4221 (WHP)<br><br>ECF CASE<br><br>**COMPLAINT AND JURY DEMAND** |

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages brought by an individual for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, or unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1679 and 28 U.S.C. § 1331.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  This Court has pendent jurisdiction of Mr. Pierog's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this district is proper under 28 U.S.C. § 1391(b) because Defendants transact business here, and the conduct complained of occurred here.

## PARTIES

4. Plaintiff Paul Pierog is an individual who resides in New York County at 347 West 55th Street, Apt. 4H, New York, New York 10019.  Mr. Pierog is a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1679a(1).

1

5. Mr. Pierog is also disabled. His only income is Supplemental Security Income, which is completely exempt from debt collection by private creditors.

6. Defendant Palisades Acquisition V ("Palisades") is a New Jersey Limited Liability Corporation with its principal place of business at 210 Sylvan Avenue, Englewood, NJ 07632. Defendant Palisades transacts business in this district.

7. Defendant Palisades is a purchaser and collector of debts. Defendant is engaged in the business of collecting debts from consumers using the mail and the telephone. Defendant regularly collects consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Defendant Malen & Associates P.C. ("Malen") is a professional corporation with its principal place of business at 123 Frost Street, Westbury, NY 11590. Defendant transacts business in this district.

9. Defendant Malen is a law firm engaged in the business of collecting debts by filing civil collection lawsuits on behalf of its clients, who are also debt collectors. Defendant also collects debts from consumers using the mail and the telephone. Defendant regularly collects consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

10. Plaintiff Paul Pierog is an individual with a disability whose only income is $724 in Supplemental Security Income.

11. Defendant Palisades is a debt buyer.

12. Palisades is the purchaser and owner of a consumer debt allegedly owed to Metris Companies, Inc., by Mr. Pierog.

13. In 2006, Palisades hired a law firm, Stephen Einstein & Associates, P.C. ("Einstein"), to collect the Metris debt.

14. In or about September 2006, Palisades, represented by Einstein, sued Mr. Pierog in the Civil Court for the City of New York, New York County. In the lawsuit, Palisades demanded that Mr. Pierog pay $6,900.86 for this alleged debt.

15. Mr. Pierog appeared *pro se* and asserted defenses. He demanded that Palisades come forward with proof of the debt.

16. Palisades failed to produce any proof of the debt or any other evidence against Mr. Pierog.

17. Accordingly, on July 5, 2007, the civil court dismissed the case against Mr. Pierog <u>with</u> prejudice.

18. The order reads: "This case is discontinued with prejudice. It was originally a Metris Card #5458004509900807." The order was signed by both parties and "so ordered" by the Honorable Arlene P. Bluth.

19. Because the case was discontinued "with prejudice," it could not legally be brought again.

20. Nevertheless, after the case was dismissed with prejudice, Palisades hired another law firm, Defendant Malen & Associates, to collect the Metris debt.

21. In or about January 2008, Defendants sued Mr. Pierog on the Metris debt for the second time. This time, Defendants demanded $10,176.41.

22. When Mr. Pierog appeared in court in opposition to the second case, the court clerk informed him that Defendants had filed a <u>third</u> lawsuit against him for the same debt. In the third case, Defendants demanded $10,179.81.

23. Defendants actions in pursuing this debt, which they have no legal right to pursue, have caused Mr. Pierog to suffer emotional distress, including a sense of overwhelming hopelessness and the fear that Defendants will somehow obtain a judgment against him and use it to seize his SSI benefits, which are his lifeline.

**FIRST CLAIM FOR RELIEF**
**(Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)**

24. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1-36 above.

25. Defendants violated the Fair Debt Collection Practices Act. Defendants' violations include, but are not limited to, the following:

   a. Defendants violated 15 U.S.C. § 1692e by making false, deceptive and misleading statements to collect a debt.

   b. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations as to the character, amount, and legal status of a debt;

   c. Defendants violated 15 U.S.C. § 1692e(10) by making false representations and using deceptive means to collect a debt.

   d. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect a debt.

   e. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount that was not expressly authorized by the agreement creating the debt or permitted by law.

26. As a result of the above violations of the FDCPA, Defendants are liable to Mr. Pierog for a declaratory judgment that Defendants' conduct violated the FDCPA, and for Mr. Pierog's actual damages, statutory damages, and costs and attorney's fees.

4

## SECOND CLAIM FOR RELIEF
### (New York General Business Law § 349)

27. Plaintiff repeats and realleges the foregoing paragraphs.

28. Defendants violated § 349 of the New York General Business Law by using deceptive acts and practices in the conduct of their business.

29. Defendants committed these acts willfully and/or knowingly.

30. As a result of these violations of § 349 of the General Business Law, Mr. Pierog is entitled to an injunction barring Defendants from engaging in deceptive acts and practices, and to recover treble his actual damages up to $1000, costs and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Pierog respectfully requests that this Court:

1. Enter a declaratory judgment that Defendants' acts and practices violated the FDCPA and NY GBL § 349;

2. Enjoin Defendants from committing similar violations in the future;

3. Award actual damages to Mr. Pierog;

4. Award statutory damages to Mr. Pierog;

5. Award reasonable attorney's fees to Mr. Pierog;

6. Award costs to Mr. Pierog; and,

7. Award such other and further relief as may be just and proper.

**JURY TRIAL DEMANDED.**

Dated: May 2, 2008
      New York, NY

Respectfully Submitted,

_____
Claudia Wilner (CW 1995)
NEIGHBORHOOD ECONOMIC
DEVELOPMENT ADVOCACY
PROJECT (NEDAP)
73 Spring Street, Suite 506
New York, NY 10012
212-680-5100

ATTORNEY FOR PLAINTIFF